E-FILED
Wednesday, 05 October, 2005  02:33:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 371 ) ) ) Plaintiff, ) ) v. ) ) ROCK ISLAND INTEGRATED SERVICES ) ) Defendant. ) | Case No. 05-4035 |

## ORDER

This matter is now before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim and Defendant's Motion for Judgment on the Pleadings. For the reasons that follow, this Court finds that it lacks subject matter jurisdiction to hear this case and dismisses the Complaint [#1] without prejudice under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Accordingly, Defendant's Counterclaim [#12] is dismissed without prejudice, and Plaintiff's Motion to Dismiss Defendant's Counterclaim [#13] and Defendant's Motion for Judgment on the Pleadings [#17] are moot.

### BACKGROUND

Defendant Rock Island Integrated Services (hereinafter the "Employer"), is a subsidiary of a joint venture between DEL-JEN, Inc. and Holmes & Narver Services, Inc. Its eighty employees located in Rock Island, Illinois, belong to a bargaining unit represented by the International Brotherhood of Teamsters, Local 371 (hereinafter the "Union") and work under a

Collective Bargaining Agreement. The relevant Collective Bargaining Agreement (the "2001 Agreement") was in effect from October 1, 2001 through September 30, 2004.

Prior to the 2001 Agreement, the Union and the Employer had operated under a similar Collective Bargaining Agreement. During the negotiations for the 2001 Agreement, major issues arose regarding the administration of the Employer's health insurance benefits. At the time, the Employer was using the John Deere Health Care Plan. With health care costs increasing, the Employer proposed a yearly increase in the "employee-plus-dependents" premium. In response, the Union suggested that the Employer change insurance carriers to a company that would guarantee premiums for three years. Because the plan recommended by the Union was more expensive than the Employer's current plan, the Employer rejected the Union's suggestion. However, the Employer proposed that if the Union would accept the Employer's proposed modifications to the health care coverage, the Employer would "stick with [the] John Deere [Health Plan]." When the Union agreed to this compromise, the Union convinced the Employer to further agree that the Employer would not increase the "employee-plus-dependents" premiums unless the Employer's premiums for that coverage also increased. The Employer contends that the Union never demanded, nor was there any discussion about, the John Deere Health Plan being maintained beyond the first year. The Union, however, maintains that the agreement between the parties was that the Employer would continue to utilize the John Deere Health Plan throughout the duration of the Collective Bargaining Agreement.

Approximately 18 months after the initiation of the 2001 Agreement, the Employer changed health care plans. Although there appears to be some disagreement between the parties regarding whether the Employer "bargained" with the Union before switching to a new health

plan, the Employer switched health care providers and the Union subsequently filed an unfair labor practice charge with the National Labor Relations Board in accordance with the procedures outlined in the Collective Bargaining Agreement. The Collective Bargaining Agreement contains a provision for final and binding arbitration.

Pursuant to the Collective Bargaining Agreement, the Union processed a grievance claiming that the Employer unilaterally changed employee health benefits in violation of the Collective Bargaining Agreement. The grievance was submitted to an Arbitrator and an arbitration hearing was held on October 13, 2003. In December 2004, the Arbitrator issued his decision and award. The Arbitrator found that the Employer violated the Collective Bargaining Agreement when it unilaterally changed employee insurance benefits without bargaining with the Union. In addition to finding that the Employer violated the Collective Bargaining Agreement, the Arbitrator's award further stated:

> With respect to the remedial impact of the Employer's failure to bargain over a mandatory subject of bargaining that it modified and altered mid-term of the negotiated agreement [sic] carries with it a make whole consideration of placing the Employees in that position they would have been had the changes not been implemented. The Parties are directed to address these financial impact concerns and attempt to negotiate a remedy that is consistent with the intent and scope of the findings of this Award. In the event that the Parties cannot fashion a remedy agreeable to both, then the Arbitrator shall retain jurisdiction for a period of ninety (90) days to assist the Parties with these implementation efforts. Based on the totality of the circumstances, as set forth in this extensive evidentiary record, the Arbitrator concludes that indeed the Employer has violated the spirit and intent of the Collective Bargaining Agreement, specifically the Recognition Clause and Article 34 by implementing mid-term a change in the mandatory subject of bargaining relative to the fringe benefits set forth in [the Collective Bargaining Agreement].

After this decision was issued, the Employer and the Union failed to reach an agreement

regarding the appropriate remedy and on April 27, 2005, the Union filed a Complaint in this Court claiming that the Employer has "failed and refused to comply with any portion of the [arbitrator's] award or to provide information requested by [the Union] to permit [the Union] to determine the sum certain necessary to make employees whole." The Union further alleges that the Employer's refusal to comply with the Arbitrator's decision has been arbitrary and without justification and that, as of April 27, 2005, the Employer has not moved to vacate, modify, or correct the arbitrator's award.

In response to the Union's Complaint, the Employer filed a Counterclaim, arguing that this Court lacks jurisdiction over this action because the Arbitrator's award is not final or complete and that even if this Court finds that jurisdiction is proper because the Arbitrator's award is final, this Court should vacate the Arbitrator's decision because the Arbitrator exceeded his powers, went beyond the terms of the Collective Bargaining Agreement, and disregarded national labor policy when he found in favor of the Union. Subsequently, on June 14, 2005, the Union filed a Motion to Dismiss Defendant's Counterclaim alleging that the Employer's Counterclaim is time barred because it was filed outside of the statute of limitations. On July 17, 2005, the Employer filed a Motion for Judgment on the Pleadings arguing that this Court should find in favor of the Employer because this Court lacks subject matter jurisdiction because the Arbitrator's award and decision is not a final and complete arbitration award.

## ANALYSIS

At this stage of the litigation, the only issue for this Court is to determine whether the Court has subject matter jurisdiction to hear this the Union's claims. The pleadings in this case

tend to obscure this issue because the Employer filed a Counterclaim in response to the Complaint rather than a traditional Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Additionally, the Employer has filed a Motion for Judgment on the Pleadings asking this Court to issue a judgment in favor of the Employer because this Court lacks jurisdiction. Although the Court agrees with the Employer that it lacks subject matter jurisdiction over the Union's claim, this Court does not have authority to issue a judgment on the pleadings because this Court does not have authority to issue a judgment in a case where the Court lacks jurisdiction. Therefore, because the Court finds that it does not have jurisdiction to hear the case, the Complaint is dismissed without prejudice, Defendant's Counterclaim is dismissed without prejudice, and all other pending motions are moot.

A federal court must address potential jurisdictional problems at whatever point they arise in litigation. *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). In this case, the Union claims in its Complaint that this Court has jurisdiction under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.[1] However, the

---

[1] Although the Union's Complaint also alleges that this Court has jurisdiction to hear this claim under the Federal Arbitration Act ("FAA"), the Seventh Circuit has held that the FAA and the LMRA "establish the same governing principles and that courts routinely cite decisions under one statute as authority for decisions under the other." *McKinney Restoration Co., Inc. v. Illinois Dist. Council No. 1 of the Int'l Union of Bricklayers Allied Craftworkers*, *AFL-CIO*, 392 F.3d 867, 871 (7th Cir. 2004) (citing *Int'l Union of Operating Eng'rs v. Murphy Co.*, 82 F.3d 185, 188–89 (7th Cir. 1996)). "The LMRA, rather than the FAA, 'confers the jurisdictional basis and corresponding source of law' for an action seeking enforcement of an arbitration award." *Dist. No. 8 Int'l Ass'n of Machinists, AFL-CIO v. Grndmaster Crathco Systems, Inc.*, No. 02-C-4346, 2002 WL 31115588, at *1 (N.D.Ill. Sept. 23, 2002) (quoting *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co., Inc.*, 628 F. 2d 1023, 1025 (7th Cir. 1980)). Accordingly, this Court relies upon Section 301 to determine whether the Court has jurisdictional basis to hear the Union's claim.

federal courts only have jurisdiction to review arbitration awards under Section 301 of the Labor Management Relations Act if the award is final and binding. *Gen. Warehousemen and Helpers, Local Union 89 v. Riss and Co.*, 372 U.S. 517, 519 (1963). In the instant case, the Arbitrator's award is not a final decision because the Arbitrator retained jurisdiction over the case in the event that the parties could not reach an agreement and because the remedy that the Arbitrator awarded requires more than a ministerial calculation.

For an arbitration award to be considered final, the arbitrator must have intended for the award to be a complete determination of every issue submitted. *Anderson v. Norfolk and Western Ry. Co.*, 773 F.2d 880, 883 (7th Cir. 1985). "If the arbitrator himself thinks he's through with the case, then his award is final and appealable." *Smart v. Int'l Bhd. of Elec. Workers, Local 702*, 315 F. 3d 721, 725 (7th Cir. 2002).

In the instant case, the Arbitrator's award is not a final and binding decision because the Arbitrator retained jurisdiction to assist the parties with negotiating a remedy that was consistent with the Arbitrator's decision in the event that the parties could not come to an agreement on their own. Specifically, the Arbitrator's decision states:

> The Parties are directed to address these financial impact concerns and attempt to negotiate a remedy that is consistent with the intent and scope of the findings of this Award. In the event that the Parties cannot fashion a remedy agreeable to both, then the Arbitrator shall retain jurisdiction for a period of ninety (90) days to assist the Parties with these implementation efforts.

The wording of this section indicates that the Arbitrator intended for the parties to attempt to negotiate a remedy and that the Arbitrator purposefully retained jurisdiction to step in and assist if they could not successfully do so. Presumably, if the parties had been able to agree upon a remedy, the Arbitrator's decision would have been final and therefore reviewable in this Court

under Section 301 of the LMRA. However, that is not what occurred in this case. Here, the parties could not come to an agreement and therefore the Arbitrator retained jurisdiction "to assist the Parties" to agree upon a remedy. The Arbitrator clearly did not intend for his decision to be a final judgment. He specifically retained jurisdiction in the event that the parties could not agree. Therefore, in accordance with the Arbitrator's decision, if the Union and the Employer could not agree on a remedy, the proper recourse for the Union was to return to the Arbitrator and ask the Arbitrator to assist in the development of a remedy. Accordingly, the decision of the Arbitrator was not a final decision appealable in this Court because the Arbitrator did not intend for his decision to be a complete determination of all of the issues submitted to him.

     Moreover, although case law suggests that in certain cases an arbitrator's award will be considered final even where the arbitrator has not specified a remedy, this is only true where the determination of the remedy would be merely a ministerial detail. *Dreis and Krump Manufacturing Co., v. Int'l Assoc. of Machinists and Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 251 (7th Cir. 1986). In *Dreis and Krump*, an arbitrator found that an employer had breached its collective bargaining agreement with its union and ordered the employer to pay an employee backpay for the wages that he lost as a result of the breach. *Id.* at 249. Included in the arbitrator's decision was a statement that "the Arbitrator will retain jurisdiction for 90 days to resolve any remaining or unforseen issues as to relief." *Id.* Despite this language, the Seventh Circuit found that the arbitrator's decision was final and appeable because the Arbitrator's award could be determined automatically without an "exercise in discretion or judgment." *Id.* at 251. Specifically, the court found that the precise amount of backpay could

simply be determined by consulting the employer's records and that nothing more would be necessary to establish the exact amount. *Id.*

Unlike the situation in *Dreis and Krump*, the proper remedy for the Employer's violation of the Collective Bargaining Agreement in the instant case cannot be determined automatically. To properly comply with the Arbitrator's award, the parties in the instant case will need to come to an agreement about how to make the employees whole for the Employer's breach. This includes more than a simple calculation of the amount of money each employee spent on health care premiums; this will require a detailed negotiation regarding the value that the employees are receiving from the new insurance plan. In the Arbitrator's report, the Union contends that the plan that the Employer adopted to replace the John Deere Plan was an inferior plan to the John Deere Plan. Accordingly, the determination of how to properly make each employee whole is not simply a ministerial calculation. Rather, as the Arbitrator recognized, the "make whole" remedy will require both parties to sit down and negotiate out an acceptable agreement that will take into account a variety of factors including the amount each employee has paid above and beyond what they would have paid for the John Deere Plan, whether these amounts have increased or decreased during the course of processing the grievance, and how much value the Union and its employees place on the benefits offered by the new plan as compared to the benefits offered by the John Deere Plan. Therefore, the Arbitrator's award cannot be considered final even though he did not specify a remedy because the determination of the remedy is more than a ministerial calculation. Accordingly, this Court does not have subject matter jurisdiction to hear this claim.

## CONCLUSION

For the reasons set forth above, this Court dismisses Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction in accordance with Rule 12(b)(1) of the Federal Rules of Civil Procedure. Accordingly, Defendant's Counterclaim [#12] is dismissed without prejudice, Plaintiff's Motion to Dismiss Defendant's Counterclaim [#13] is moot and Defendant's Motion for Judgment on the Pleadings [#17] is moot.

ENTERED this 5th day of October, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge